IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Appellee, ) | |
| ) | |
| v. ) | Case No. CIV 05-374-P |
| ) | |
| ERNESTINE GOLDEN, ) | |
| ) | |
| Defendant/Appellant, ) | |

**ORDER and OPINION**

Before the Court is Ernestine Golden's Petition Requesting Certificate of Appealability (COA). Golden's request is DENIED.

Under 28 U.S.C. § 2253(c)(2), a COA will issue only when the petitioner has made a "substantial showing" of a denial of a constitutional right. In her §2255 motion, Golden raised issues involving ineffective assistance of counsel and application of the sentencing guidelines after Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Although Golden maintains that "Frost [*sic*] has met his [*sic*] burden, in that his [*sic*] 28 U.S.C. § 2255 petition raised serious questions of constitutional dimension. *Particularly the impact and application of Blakely v. Washington*, *United States v. Booker*, a *Brady* violation, and ineffective assistance of counsel" (internal citations omitted; emphasis and fragmented sentence structure in the original), the Court found no merit to these arguments at the time, and finds no merit to them now. Further, the Court does not believe that "jurists of reason" would differ as to the Court's procedural or substantive ruling, given the circumstances of this case. See Slack v. McDaniel, 529 U.S. 473, 478 (2000).

1

In her COA petition, Golden argues that "denial of her 2255 without an evidentiary hearing was error" and accuses the Court of "den[ying her] motion without ever considering an affidavit or testimony from former counsel." These arguments are not only insufficient, they are absolutely incorrect. The Court held an evidentiary hearing in this matter on April 14, 2006. Golden retained counsel to represent her at the hearing, and was appointed local counsel as well. Ernestine Golden, her daughter Sherry Childress, and trial counsel Tom Mortenson all testified. [*See* Minutes of Proceedings, dkt. #19.] After the hearing, Golden was given until May 19, 2006 to file a closing brief. After reviewing said brief and the Government's response, the Court entered its Order denying Golden's § 2255 motion on June 16, 2006.

Upon careful consideration of the record, pleadings, and applicable law, and for the reasons stated herein, the Court finds that Golden is not entitled to any relief. Golden was properly sentenced on September 8, 2004, and waived any right to appeal that sentence as part of a knowing and voluntary plea of guilty. She has not made any showing that her constitutional rights were violated during any part of these proceedings, such that post-conviction relief would be warranted. Accordingly, Golden's Petition Requesting Certificate of Appealability is DENIED.

IT IS SO ORDERED this 26th day of September 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma