# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ERNESTINE GOLDEN, )
)
         Petitioner, )
)
vs. ) Case No. CIV-05-374-JHP
)
UNITED STATES OF AMERICA, )
)
         Respondent. )

## **ORDER**

This matter comes on for decision following a limited remand by the Tenth Circuit Court of Appeals for a decision regarding whether Petitioner's "trial counsel was constitutionally deficient in failing to file a notice of appeal at her request." Petitioner entered a guilty plea on June 10, 2004 and on September 8, 2004, this Court sentenced her to 168 months imprisonment, 60 months supervised release, and a $100.00 special assessment. At the time of sentencing, even though Petitioner had waived her appeal rights unless the Court departed from the applicable sentencing range, this Court advised Petitioner she had ten (10) days within which to appeal and that her counsel of record would remain her counsel until that decision had been made. *See*, Tr. of September 8, 2004, at p. 13. The Judgment was filed of record on September 10, 2004.

In *Flores-Ortega*, the United States Supreme Court made it clear they could not "say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would

be inconsistent with both our decision in *Strickland* and common sense." *Id.*, at 479. Instead the Court held

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. (citation omitted) (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.*

Although the United States Supreme Court has indicated counsel must consult with a defendant regarding an appeal in certain situations, *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000), nothing within this case suggests that the consultation can only occur after the defendant is sentenced. On April 14, 2006, this Court held an evidentiary hearing in which Petitioner testified she had asked her counsel at the time of sentencing to file an appeal. Counsel, however, testified he had specifically discussed the plea agreement with Petitioner and advised her she was waiving her appellate and post-conviction rights unless she was sentenced outside of the guideline range. Petitioner was sentenced at the low end

of a 168 to 210 month guideline range. Furthermore, counsel testified he was not asked to file an appeal until receiving a letter asking if he had filed an appeal. *See*, Tr. of April 14, 2006, at p. 71. This letter was dated December 7, 2004, almost 90 days after the judgment was filed of record.[1] *See*, *United States v. Golden*, Dkt. 40 at p. 3, footnote 2. To the extent that Petitioner testified she lied when she pled guilty because she was threatened into pleading guilty, this Court finds her testimony to be entirely self-serving and not at all believable. Counsel, on the other hand, indicated he meticulously discussed every section of the plea agreement and did not move on to any other section or discuss anything else about the case until Petitioner indicated she understood what each section meant, including the section dealing with the waiver of appellate rights.

While the Supreme Court has indicated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Flores-Ortega*, *supra*, this Court does not believe counsel has a continuing duty to file an appeal after the time for an appeal has run where the defendant has never before indicated a desire to appeal. Clearly, Petitioner was timely informed both by counsel and the Court of her appeal rights. Petitioner did not, however, instruct counsel to file a notice of appeal until after the deadline for filing the appeal had passed. Therefore, this Court finds counsel appropriately discussed and advised Petitioner of her appeal rights and Petitioner indicated a desire to waive those rights in order to obtain what she believed

---

[1] Petitioner acknowledged in her letter that she was aware she only had 10 days from the date of her sentencing to file an appeal.

to be a more desirable plea agreement. Thus, counsel did not render constitutionally deficient performance. Furthermore, this Court finds Petitioner has not proven that counsel's failure to file an appeal in these circumstances prejudiced her since it was her delayed decision to appeal which actually caused the forfeiture of her appeal rights. *United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000).

For the reasons stated herein, this court finds Petitioner has failed to establish ineffective assistance of counsel. Accordingly, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

It is so ordered on this  4th  day of February, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma